The Chief JurricE
delivered the opinion of the court.
This was a bill filed by Benjamin Grimes against James Hickman, jun. and his father James Hickman, sen. to obtain a conveyance of 100 acres of land, which James Hickman, jun. had given his obligation to convey to Grimes, in consideration of the latter having undertaken to build for him a framed house of certain dimensions. Grimes alleges that he had nearly completed the house, and would have finished it, but for the failure of James Hickman, jun. te *87 find such of the materials as he was bound by the terms of the contract to furnish. He states that the title of the land was in James Hickman, sen. who had frequently declared he had given it to his son James Hickman, jun. and that he would convey it whenever directed to do so by his Son, but that the latter had refused to procure the title, &c.
x verba! pro-⅛ coa-vey lan.ds to bedecreeda-gainst the fa-even ⅛
s-ln^^nw”j not" L-a: law. on a b each of pl'?mis®’ e“ decree'1 specifically.
\ vep!,al conshieruion 0f "nauu-sl love & sffec tion, would trust at common law, or an use under tue statute.
*87 The bill was taken for confessed, and an interlocutory decree pronounced against both defendants; but afterwards James Hickman, jun. filed his answer, and at a subsequent term, a final decree was given, that James Hickman, sen. should convey to the complainant, by deed with general Warranty, and that both defendants should pay to the complainant his costs; and from that decree this appeal has been prosecuted.
As the answer of James Hickman, jun. admits the execution of the obligation by him for the conveyance of the 100 acres of the land, for the consideration in the bill mentioned, and as the evidence satisfactorily shews that the greater part of the work was done, and that the whole would have been completed but for the failure of the the defendant to furnish such materials as he was bound to do; it is plain that the complainant has shewn himself entitled to relief against him. But we are clearly of opinion that the decree against James Hickman, sen. is erroneous and cannot be sustained. It is not alleged that he had ted to his son a covenant or deed, binding himself to convey the land in controversy, and a mere promise to convey, founded upon no other consideration, than that of blood or relationship, we apprehend is not sufficient to justify a cree for its specific execution. Where such a tion is united to the efficacy of a deed, and the contract is executory, its execution may be decreed by a court of equity, as was held by this court in the case of M’Intire and Hughes, 4 Bibb.
But we are aware of no case in which it has been decided that a promise to give or convey land, founded upon the consideration of consanguinity alone, could be enforced in a court of equity. Such a consideration would certainly not be Sufficient to support an action of assumpsit, and it *s a general rule that if an action at law will not lie upon a contract to recover damages for its breach, a court of equity will not decree its specific execution. Besides, it is in-ferable from ali the cases, which have any bearing upon this point, that a contract without being by deed, founded *88 upon such a consideration only, would not be Sufficient <⅞ create a trust at comrrion law, nor an use under the statute of uses&emdash;vide Roberts on Fraudulent Conveyances, 89, 90. The decree against James Hickman, sen. is, therefore, erroneoUs, and must be reversed. But, as it appears from the answer of James Hickman, jun. that he can, in all probability, procure the title from his father, he ought to have been decreed to have done so, and to have conveyed complainant, or to make a compensation in damages, if in the event it should turn out that he was unable to procure the title.
Haggin for appellant, Wickliffe and Hughes contra.
The decree must be reversed with costs, and the cause remanded, that a decree may be entered not inconsistent with the foregoing opinion.